PAUL L. REIN, Esq. (SBN 43053)
JULIE OSTIL, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
Tel: (510) 832-5001
Fax: (510) 832-4787

Attorneys for Plaintiff
CONNIE ARNOLD


KATHLEEN E. FINNERTY, Esq. (SBN 157638)
MARC B. KOENIGSBERG, Esq. (SBN 204265)
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814
(916) 442-1111

Attorneys for Defendant
VIRGIN STURGEON, INC.; BUFFER PROPERTIES;
LARAINE C. PATCHING


JAMES M. LINDSAY (SBN 164758)
GENE J. STONEBARGER (SBN 209461)
LINDSAY & STONEBARGER
620 Coolidge Dr., Suite 225
Folsom, CA 95630
(916) 294-0002

Attorneys for Defendant
VIRGIN STURGEON LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE ARNOLD, <br><br> Plaintiff, <br><br> v. <br><br> VIRGIN STURGEON, INC.; VIRGIN STURGEON, LLC; BUFFER PROPERTIES, LLC; LARAINE C. PATCHING; and DOES 1 through 20, Inclusive, <br><br> Defendants. <br> _____/ | CASE NO. C07-1600 WBS-DAD <br> <u>Civil Rights</u> <br><br> **CONSENT DECREE AND [PROPOSED] ORDER** |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. 2:07-cv-1600 WBS-DAD

1

g:\docs\shu\dshu2\inbox\signed\07cv1600 arnold - order of consent decree.doc

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

# CONSENT DECREE AND ORDER

1. Plaintiff CONNIE ARNOLD filed a Complaint in this action on August 6, 2007, to obtain personal injury damages and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, VIRGIN STURGEON, INC.; VIRGIN STURGEON, LLC; BUFFER PROPERTIES, LLC; LARAINE C. PATCHING; and DOES 1-25, Inclusive, relating to the condition of their public accommodations as of plaintiff's visit of August 19, 2005, and continuing.  Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54.1, and 55 of the California Civil Code, and sections 19955 *et seq.,* of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Virgin Sturgeon located at 1577 Garden Highway, Sacramento, California.

2. Defendants VIRGIN STURGEON, INC.; VIRGIN STURGEON, LLC; BUFFER PROPERTIES, LLC; and LARAINE C. PATCHING deny the allegations in the Complaint and by entering into this Consent Decree and Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  The parties hereby enter into this Consent Decree and Order for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

## JURISDICTION:

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §19955 *et seq*., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims raised in the Complaint filed with this Court.  Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims.

WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants that have arisen out of the acts or omissions alleged or which could have been alleged in the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

6. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

a) <u>Remedial Measures</u>: The corrective work agreed upon by the parties is attached here to as **Exhibit A**. Defendants agree to undertake all of the remedial work set forth therein.

b) <u>Timing of Injunctive Relief</u>: Defendants will submit plans for all corrective work to the restroom to the appropriate governmental agencies no later than July 1, 2008, will commence work no later than November 1, 2008, and will complete all corrective work by December 1, 2008. The policy described in item 9 of Attachment A hereto will be implemented immediately. In the event that unforeseen difficulties, including but not limited to governmental delays, prevent defendants from completing any of the agreed-upon injunctive relief, defendants or their counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify plaintiff's counsel when the corrective work is completed, and in any case will provide a status report no later than November 15, 2008.

c) <u>Notice and Opportunity to Cure</u>: If plaintiff contends that the terms of the consent decree have not been carried out correctly, plaintiff will provide written notice to defendants and their counsel articulating in detail in what respects plaintiff alleges the premises

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. 2:07-cv-1600 WBS-DAD

3

g:\docs\shu\dshu2\inbox\signed\07cv1600 arnold - order of consent decree.doc

1  are not compliant.  Within 14 days of receiving this notice, defendants will respond to this
2  notice.  If the parties are not able to agree upon a course of action, they will hold a meet and
3  confer within 30 days of plaintiff's written notice and will use their best efforts to resolve the
4  dispute informally.  If the parties are still not able to agree, they will submit the matter to the
5  judge assigned to the case.  If the parties resolve the issue without requiring court intervention,
6  plaintiff will not request attorney fees for the work done.  If the matter is presented to the court,
7  each party reserves the right to seek reasonable attorneys fees, litigation costs and expenses for
8  that work.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:**

11  　　　　7.　　　The parties have reached an agreement regarding plaintiff's claims for
12  damages, attorney fees, litigation expenses and costs.  Defendants will pay $67,500 by June 15,
13  2008 by check made payable to "Paul L. Rein in Trust for The Connie Arnold Special Needs
14  Trust."  This payment will satisfy all of plaintiff's claims for damages, whether asserted or
15  otherwise, including personal injury, civil rights, and any other form of damages, as well as
16  plaintiff's claims for attorney fees, litigation expenses, and costs.

**ENTIRE CONSENT ORDER**:

19  　　　8.　　　This Consent Decree and Order and Attachment A to this Consent Decree,
20  which is incorporated herein by reference as if fully set forth in this document, constitutes the
21  entire agreement between the signing parties on the matters of injunctive relief, and no other
22  statement, promise, or agreement, either written or oral, made by any of the parties or agents of
23  any of the parties, that is not contained in this written Consent Decree and Order, shall be
24  enforceable regarding the matters described herein.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST**:

27  　　　9.　　　This Consent Decree and Order shall be binding on Plaintiff CONNIE
28  ARNOLD; defendants VIRGIN STURGEON, INC.; VIRGIN STURGEON, LLC; BUFFER

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. 2:07-cv-1600 WBS-DAD

4

g:\docs\shu\dshu2\inbox\signed\07cv1600 arnold - order of consent decree.doc

PROPERTIES, LLC; and to LARAINE C. PATCHING except as to paragraphs 5-6 and Attachment A; and any successors in interest.  The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed.  Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

11. Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and [Proposed] Order:
Case No. 2:07-cv-1600 WBS-DAD

5

g:\docs\shu\dshu2\inbox\signed\07cv1600 arnold - order of consent decree.doc

representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER**:

12. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY**:

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES**:

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: April __, 2008

/s/_____
Plaintiff CONNIE ARNOLD

Dated: April __, 2008

/s/_____
Defendant VIRGIN STURGEON, INC.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Dated: April __, 2008

/s/_____
Defendant VIRGIN STURGEON, LLC

Dated: April __, 2008

/s/_____
Defendant BUFFER PROPERTIES, LLC

Dated: April __, 2008

/s/_____
Defendant LARAINE C. PATCHING

APPROVED AS TO FORM:

Dated: April __, 2008        PAUL L. REIN
                              JULIE A. OSTIL
                              LAW OFFICES OF PAUL L. REIN




/s/_____
Attorneys for Plaintiff
CONNIE ARNOLD


Dated: April __, 2008        KATHLEEN E. FINNERTY
                              MARC B. KOENIGSBERG




__/s/_____
Attorneys for Defendant
VIRGIN STURGEON, INC.; BUFFER
PROPERTIES, LLC; LARAINE C. PATCHING

Dated: April __, 2008        JAMES M. LINDSAY
                              GENE J. STONEBARGER


/s/_____
Attorneys for Defendant
VIRGIN STURGEON LLC

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and [Proposed] Order:**
**Case No. 2:07-cv-1600 WBS-DAD**                                14

g:\docs\shu\dshu2\inbox\signed\07cv1600 arnold - order of consent decree.doc

1 **ORDER**

2 Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

3

4

5 Dated: April 17, 2008

6

7 WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

**Consent Decree and [Proposed] Order:**
**Case No. 2:07-cv-1600 WBS-DAD**

15

g:\docs\shu\dshu2\inbox\signed\07cv1600 arnold - order of consent decree.doc